## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV133 SNLJ |
| | ) | |
| PEMISCOT COUNTY JUSTICE | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Richard Simmons (registration no. 1030094), an inmate at Eastern Reception Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $22.69. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $113.45, and an average monthly balance of $39.65.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $22.69, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are the Pemiscot County Justice Center (the "Justice Center"), Danny Dodson (Assistant Administrator, the Justice Center), Josh Bost (Administrator), "Bubba" (Maintenance Worker), William Carter (Prosecutor), Brenda Unknown (Shift Supervisor), and Lance Unknown (Correctional Officer).  At all times relevant to the complaint, plaintiff was detained at the Justice Center.

Plaintiff alleges that defendant Dodson made him pay for his medications while he was detained at the Justice Center.  Plaintiff says he was on several medications for health problems and psychiatric problems.  Plaintiff also claims that Dodson

overcharged him for the medications he received and also charged him for medications he was not taking.

Plaintiff maintains that Dodson refused to provide him with his prescription Xanax because the Justice Center had a policy of denying prisoners access to narcotics.  Plaintiff claims that while he had an open sore on his arm he requested antibiotic cream.  Plaintiff says that Dodson refused to provide him with the proper cream and his arm became infected.

Plaintiff avers that defendant Bost refused to provide him with receipts for his medications and doctor's visits.  Plaintiff also says that Bost refused to provide him with grievance forms, a policy handbook, and a current account statement.

Plaintiff asserts that defendant "Bubba" was sometimes charged with distributing medications to prisoners, even though he did not have the training to do so.

Plaintiff claims that he had two teeth pulled, and he says that the dentist wrote him a prescription for pain medications.  Plaintiff states that Dodson took the prescription and refused to give him his pain medications.

Plaintiff alleges that defendant Lance Unknown allowed another prisoner into his cell to assault him.  Plaintiff claims that Lance helped the prisoner to assault him,

and he claims he was injured as a result.  Plaintiff says that Brenda Unknown filed a grievance about the incident.

## Discussion

Plaintiff's claim against the Justice Center is legally frivolous because it is not a suable entity.  Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

The complaint is silent as to whether the individually named defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."  Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy

or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that defendants Bost, "Bubba," Carter, or Brenda Unknown were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants for this reason as well.

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff to join defendants where the rights asserted against them arose from the same series of transactions or occurrences, or when any question of law or fact is common among the defendants.  In this action, the majority of plaintiff's claims are request for relief pertain to defendant Dodson.  The claims against Dodson are wholly unrelated to his

claims against defendants "Bubba," William Carter, Brenda Unknown, and Lance Unknown.  As a result, these defendants are not properly joined in this action.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Plaintiff has filed a motion to amend by interlineation [Doc. 19].  The Court has reviewed the allegations in the motion, and the Court finds that they do not cure the defects in the amended complaint.

For each of these reasons, the Court finds that the case should be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $22.69 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>7th</u> day of September, 2012.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE